UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELENA KOLOVA, *et al.*, | CASE NO. C18-1066-JCC |
| Plaintiffs, | ORDER |
| v. | |
| ALLSTATE INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motion to remand (Dkt. No. 9) and Defendants' motion to dismiss dispensable parties (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion to remand for the reasons explained herein.

## I. BACKGROUND

Plaintiffs, condominium owners, sued Defendant Allstate Insurance Company, Plaintiffs' insurer, in King County Superior Court after it denied coverage for a special assessment imposed on Plaintiffs by their condominium homeowners' association. (Dkt. No. 1-1.) Plaintiffs allege that Defendant Allstate made its coverage determination without a good faith basis in law or fact, failed to reasonably investigate their claims, failed to timely respond to correspondence, and employed unreasonable and inappropriate claims handling procedures. (*Id*. at 3.) Plaintiffs bring

bad faith and breach of contract claims, as well as claims for violations of Washington's Consumer Protection Act and Insurance Fair Conduct Act. (*Id*. at 4–5.) Plaintiffs seek declaratory and injunctive relief, damages, and attorney fees. (*Id*. at 5–6.) Plaintiffs also name Bryon Dill and Mr. Dill's spouse ("the Dill Defendants"), and John and Jane Does 1–10 as Defendants in the action. (*Id*. at 1.) Plaintiffs allege that Mr. Dill "failed to exercise good faith in the handling" of Plaintiffs' claims. (*Id*. at 3.) Plaintiffs make no allegations with respect to the remaining named Defendants. (*See generally id.*)

Defendant Allstate removed the matter to this Court on the basis of diversity jurisdiction. (Dkt. No. 1 at 5.) Prior to Defendant Allstate filing its notice of removal, Plaintiffs moved the King County Superior Court for an order of default and judgment, which the state court granted on July 12, 2018. (Dkt. No. 1-2 at 35–43.) The parties agree that this was in error, as Defendant Allstate appeared later that day, within the prescribed time period. (Dkt. No. 7 at 1.) The parties ask this Court to vacate the state court's default order and judgment. (*Id*.)[1] In its notice of removal, Defendant Allstate indicated that Plaintiffs are citizens of Washington and that Defendant Allstate is a citizen of Delaware and Illinois. (Dkt. No. 1 at 5.) Defendant Allstate further indicated that, while the remaining Defendants may not be diverse from Plaintiffs, complete diversity exists because those Defendants are dispensable parties subject to exclusion by the Court pursuant to Federal Rules of Civil Procedure 19 and 21. (*Id.* at 5–6.)

Defendants move to dismiss the Dill Defendants, and John and Jane Does 1–10, alleging that Plaintiffs named them solely to defeat this Court's jurisdiction. (*See generally* Dkt. No. 11.) Plaintiffs move for remand, citing this Court's lack of jurisdiction. (*See generally* Dkt. No. 9.) They allege that Mr. Dill has personal liability and, therefore, is not a dispensable party. (*Id*. at 10–12.) Plaintiffs make no allegations with respect to the remaining Defendants. (*See generally*

---

[1] The Court ordered the parties to show cause why the case should not be remanded to King County Superior Court to vacate its default order and judgment, which the Court later continued pending the outcome of the instant motions. (Dkt. Nos. 8, 13.)

*id.*)

## II. DISCUSSION

### A. Motion to Remand

"[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). The parties agree that the Dill Defendants were not fraudulently joined. (Dkt. Nos. 19 at 2, 20 at 1.) To argue that the Dill Defendants were fraudulently joined would be untenable in light of *Keodalah*. *See Keodalah v. Allstate Ins. Co.*, 3 Wash. App. 2d 31, 43 (2018). *Keodolah* explicitly grants a cause of action against the insurance adjuster in this case, *see id.*, so Defendant Allstate cannot argue that "the plaintiff fails to state a cause of action against a resident defendant," as the fraudulent joinder standard requires. *See Morris*, 236 F.3d at 1067.

Despite the fact that fraudulent joinder cannot be used to dismiss the Dill Defendants, both parties argue extensively about whether the Dill Defendants are necessary and indispensable parties. (*See* Dkt. Nos. 11, 15, 16.) This argument is misplaced. The proper analysis to be applied is whether the Dill Defendants were fraudulently joined. *See generally McCabe*, 811 F.2d at 1339. Federal Rules of Civil Procedure 19 and 21 deal with whether parties are *necessary* to the litigation, and thus cases that apply these Rules analyze whether potential parties need to be part of the underlying litigation. *See Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). On the other hand, fraudulent joinder is used to determine whether a plaintiff was *permitted* to sue a particular defendant. *See Ritchey*, 139 F.3d at 1318. To use Federal Rules of Civil Procedure 19 and 21 to dismiss non-diverse parties when Plaintiffs

have a right to sue those parties in the underlying litigation, *see Keodalah*, 3 Wash. App. 2d at 43, would create unnecessary, duplicitous litigation because Plaintiffs would be forced to sue the Dill Defendants in state court on the same grounds as the claims against Defendant Allstate proceeding in this Court. Indeed, if Defendant Allstate could use Rules 19 and 21 as it desires, the doctrine of fraudulent joinder would be defunct. Therefore, this Court lacks subject matter jurisdiction because Plaintiffs are not diverse from all Defendants. Plaintiffs' motion to remand is GRANTED.

### B. Motion for Attorney Fees

Absent unusual circumstances, courts may award attorney fees under section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds Defendant Allstate's basis for seeking removal to be objectively reasonable. Although this Court ultimately rejects Defendant Allstate's theory of removal under Federal Rules of Civil Procedure 19 and 21, Plaintiffs appear to have believed that removal on this basis could have been proper because they argued that Defendants Dill were necessary and indispensable. (*See* Dkt. No. 15.) Although the Court finds that fraudulent joinder was the only theory upon which removal in this case could have been proper, neither party highlighted that. (*See* Dkt. Nos. 11, 15, 16.) Courts in other circuits have found that analysis appropriate in cases such as this one. *See Mayfield v. London Women's Care, PLLC*, Case No. 15-19-DLB, 2015 WL 3440492 (E.D. Ky. 2015). Defendant Allstate's reliance on that theory was objectively reasonable. Therefore, Plaintiffs' motion for attorney fees is DENIED.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (Dkt. No. 9) is GRANTED. As such, the Clerk is directed to STRIKE as moot Defendants' motion to dismiss dispensable parties (Dkt. No. 11) and the parties' stipulated motion to vacate the state court's default order and judgment (Dkt. No. 7).

1 | DATED this 30th day of October 2018.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1066-JCC
PAGE - 5